# United States District Court
# Central District of California

**UNITED STATES OF AMERICA vs.**      Docket No. **CR 15-00141-ODW**

**Defendant**   David DeMulle

akas: Mulle, David; Doc; and Anthony, David.

Social Security No. **6 3 7 7** (Last 4 digits)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| May | 22 | 2017 |

**COUNSEL**: Adam H Braun, retained (Name of Counsel)

**PLEA**: [X] **GUILTY**, and the court being satisfied that there is a factual basis for the plea. [ ] **NOLO CONTENDERE** [ ] **NOT GUILTY**

**FINDING**: There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**Count 1: 18:922(g)(1): Prohibited Person in Possession of Firearms and Ammunition**

**JUDGMENT AND PROB/COMM ORDER**: The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

**41 months on Count 1 of the Indictment**.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

The Court has found that the property identified in the preliminary order of forfeiture is subject to forfeiture. The preliminary order is incorporated by reference into this judgment and is final.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation Office and General Order 05-02.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

4. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, nor shall the defendant use, any name other than his true legal name without the prior written approval of the Probation Officer.

5. The defendant shall not be employed in any position that requires licensing and/or certification by any local, state, or federal agency without the prior written approval of the Probation Officer.

6. The defendant shall cooperate in the collection of a DNA sample from himself.

7. The defendant shall submit his person, and any property, house, residence, cell phone, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

**Defendant shall remain on bond pending appeal under the same terms and conditions.**

Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider --

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed --
   a. To reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense;
   b. To afford adequate deterrence to criminal conduct;
   c. To protect the public from further crimes of the defendant; and
   d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
3. The kinds of sentences available;
4. The guideline sentencing range;
5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**Findings of Fact with Regard to Sentencing Guideline Calculations for Defendant David DeMulle**

In calculating the Sentencing Guideline range, in addition to its calculations set forth on the record at the sentencing hearing, That is, the Court found a base offense level of 14 pursuant to USSG §2K2.1(a)(6), and an upward adjustment of six levels for 25 firearms pursuant to USSG §2K2.1(b)(1)(C).  the Court finds beyond a reasonable doubt that defendant attempted to obstruct justice, warranting the application of the two-level upward adjustment applicable pursuant to USSG §3C1.1.  Specifically, the Court finds beyond a reasonable doubt that defendant both

committed perjury and provided materially false information to the Court. U.S.S.G. § 3C1.1, comment. (n. 4(A), (F)). *See generally United States v. Jimenez-Ortega*, 472 F.3d 1102, 1103 (9th Cir. 2006); *United States v. Taylor*, 749 F.3d 842, 848 (9th Cir. 2014).

In particular, defendant willfully made certain false, material declarations under penalty of perjury in his First Amendment and Second Amendment-based pre-trial motions seeking dismissal of the indictment (Court's Docket ("CD") nos. 27 and 28) and in opposition to the government's Motion to Preclude the entrapment by estoppel defense (DE 29).

Specifically, defendant claimed in his declaration submitted in support of his Second Amendment motion (DE 28-1 ¶ 12) that he had not been present at the hearing in Superior Court in 1996 in which he received a set-aside of his state perjury and welfare fraud convictions pursuant to Cal. Penal Code § 1203.4, when the court minutes from that hearing reflect that defendant had been present. The Court finds this false assertion to have been willfully made in order to provide support for defendant's argument that he had been unaware of his continuing firearms restriction and that this fact, in combination with others, rendered 18 U.S.C. § 922(g)(1) unconstitutional as applied to him. The assertion was also material. Had it been true, it could have had an impact on the Court's view of the motion and the relief sought by defendant therein, namely, dismissal of the indictment against him.

In support of his First Amendment motion (DE 28) claiming he had been targeted for investigation by the LAPD, defendant submitted an additional declaration in which he falsely claimed that he never would have left copies of his publication, "The Foothills Paper," at the LAPD Foothills Station because of the purported acrimony that existed between himself and LAPD. (DE 56-1 ¶ 4.) This false assertion was willfully made by defendant in order to provide support for his First Amendment-based motion to dismiss the indictment against him, which claimed that LAPD had unconstitutionally targeted him because of his protected speech. The Court finds that the assertion was material to the basis of the motion in that it would have provided support for defendant's claim of having been targeted. The Court finds that the false assertion was willfully made, as demonstrated by the direct contradiction between it and defendant's recorded post-arrest statement in 2010 in which he claimed, in an effort to exculpate himself, that he

believed that there was nothing wrong with his conduct in placing the "Guns for Haiti" ad in The Foothills Paper, as demonstrated by the fact that he never would have left copies of The Foothills Paper at the LAPD Foothills Station if he thought there was anything wrong with the ad.  The fact that defendant had left copies of The Foothills Paper at the LAPD Foothill Station was also consistent with the government's evidence in the case.   Moreover, the claim of acrimony between himself and the LAPD is belied by the "puff-pieces" on LAPD which he published in his paper during this same time period.

Defendant reiterated his willfully false assertion that he had not been present at his Cal. Penal Code § 1203.4 set-aside hearing in 1996 in his declaration submitted in opposition to the government's Motion to Preclude the entrapment by estoppel defense.  (DE 32-1 ¶ 12.)  The Court finds that this was willfully done by defendant in order to oppose the government's motion, and that the assertion was made to further defendant's argument that he was unaware of his firearms prohibition, which is material to the element of the entrapment by estoppel defense of the reasonableness of defendant's purported belief that he was entitled to possess firearms following his set-aside pursuant to Cal. Penal Code § 1203.4.  See *United States v. Batterjee,* 361 F.3d 1210, 1216 (9th Cir. 2004).  This in turn was material to the Court's ruling on the government's Motion to Preclude, because it could have had an impact upon the Court's view of that motion.

Finally, defendant has maintained throughout this litigation and has expressly stated in his declarations that he was unaware of his firearms prohibition following his Cal. Penal Code § 1203.4 set-aside hearing.  The Court finds these assertions to have been falsely and willfully made in light of the evidence presented in this case, including the testimony of John Rasdel, the declaration of Wadene Musgrave, and other evidence in the record including defendant's admitted history and knowledge of and interest in firearms and other evidence in the record.  The false assertion was material to the Court's ruling on defendant's Second Amendment-based pretrial motion and to the Court's decision on the government's Motion to Preclude, in the same manner as was his false declaration that he had not attended his Cal. Penal Code § 1203.4 hearing in 1996.

The Court further finds that defendant is not entitled to the downward adjustment for acceptance of

| USA vs. David DeMulle | Docket No.: CR 15-00141-ODW |
|---|---|

responsibility pursuant to USSG §3E1.1.  Such adjustment is not normally awarded where the upward adjustment for obstruction of justice pursuant to USSG §3C1.1 is applied, but is awarded only in extraordinary cases.  The Court finds that this is not such an extraordinary case where the adjustments under both USSG §§3C1.1 and 3E1.1 should be applied.

The Court thus calculates the Total Offense Level at 22, with a Criminal History Category of I, for a Guideline Range of 41-51 months' imprisonment.  For the reasons set forth herein and orally at the sentencing hearing on the matter, the Court sentences defendant as set forth in this Judgment and Commitment Order.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| May 22, 2017 | | /s/ Wright |
|---|---|---|
| Date | | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| May 22, 2017 | By | S. English /s/ |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs.   David DeMulle                                    Docket No.:   CR 15-00141-ODW

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

      As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

      The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

      The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

      These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____  
Date                       Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By

Filed Date                                      Deputy Clerk

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)
    Defendant                                   Date


    U. S. Probation Officer/Designated Witness     Date