1              UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                      —  —  —

        HONORABLE OTIS D. WRIGHT, II, JUDGE PRESIDING

4

5
_____
UNITED STATES OF AMERICA,      Case No. CR-15-141-ODW
6
   Plaintiff,
7
vs.
8
DAVID DEMULLE,
9
   Defendant.
10

11                      GUILTY PLEA

12        OFFICIAL REPORTER'S TRANSCRIPT OF PROCEEDINGS

13              Los Angeles, California

14            THURSDAY, DECEMBER 15, 2016

15                   10:00 A.M.

16  _____

17

                     APPEARANCES:
18
   For the Plaintiff:    Gregory A. Lesser
19

20   For the Defendant:    Adam H. Braun

21
   Reported by:          Terri A. Hourigan, RPR, CRR
22                         CSR #3838
                          Official Court Reporter
23                         213-894-2849

24

25

```
 1                       PROCEEDINGS
    _____
 2

 3           (The following proceedings held in open court.)

 4                              *  *  *

 5

 6           THE COURTROOM DEPUTY:  All right.  Calling Item 1,

 7   CR-15-141, United States of America versus David DeMulle.

 8       Counsel, may I have your appearances please?

 9           MR. LESSER:  Good morning, Your Honor.  Assistant

10   U.S. Attorney, Greg Lesser, on behalf of the government.

11           THE COURT:  Mr. Lesser, good morning.

12           MR. BRAUN:  Good morning, Your Honor.  Adam Braun

13   for Mr. DeMulle, who is present.

14           THE COURT:  Mr. Braun.

15           THE DEFENDANT:  David DeMulle.

16           THE COURT:  Mr. DeMulle, gentlemen.

17       All right.  Mr. Braun, I understand that Mr. DeMulle

18   desires entering a guilty plea.

19       The Court has read the advisals in connection with the

20   entry of guilty plea by defendant, David DeMulle, filed

21   December 7th, and it will be incorporated into and made a part

22   of these proceedings.

23       It's also the Court's understanding that this is a

24   conditional plea and that in the event he should prevail in

25   obtaining reversals of this Court's rulings on various
```

1    pre-trial motions, he will have the right to withdraw his

2    guilty plea; is that correct?

3              MR. BRAUN:  That's correct, Your Honor.

4              THE COURT:  Mr. DeMulle, before I accept your plea

5    of guilty, I must be sure that you are fully informed of your

6    rights.

7         I understand that all of these rights, et cetera, have

8    been set forth in some detail in the written advisals, but I'm

9    going to go through them, nonetheless.

10        If nothing else, it will afford you an opportunity to ask

11   questions or seek clarification, if you deem it necessary.

12        Now, about the way we're going to proceed, aside from the

13   fact that I'm going to be making certain admonitions to you,

14   I'm also going to be asking you questions from time to time.

15        The first question is whether or not you are willing to

16   give up your right to remain silent for the purpose of this

17   proceeding only and answer my questions.

18              THE DEFENDANT:  Yes.

19              THE COURT:  Does counsel join in that waiver?

20              MR. BRAUN:  Yes, Your Honor.

21              THE COURT:  Secondly, if you answer my questions,

22   the assumption will be that you understood the question.

23        So please do not attempt to answer any question you don't

24   understand.

25        Seek clarification either from your attorney or from me.

1    I will be glad to either explain or reframe the question so

2    that you do understand it.

3         Is that clear?

4              THE DEFENDANT:  Yes.

5              THE COURT:  In addition, at any time, you wish to

6    speak with your lawyer, you may do so any time you wish, as

7    often as you wish, or as long as you wish.

8         Is that clear?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  If, at any time, during the course of

11   this hearing, you change your mind or start having second

12   thoughts or simply wish to have more time to think about it,

13   let me know, and we will terminate this hearing with no adverse

14   consequences to you whatsoever.

15        Is that clear?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  All right.  Do you have any questions

18   about how this matter is going to proceed?

19             THE DEFENDANT:  No, sir.

20             THE COURT:  All right.  I'm going to now have the

21   court clerk place you under oath.

22        This will obligate you to be truthful in your answers to

23   the Court's questions.

24        If it's later determined that you have been willfully

25   false in your answers to the Court's questions, that may

```
 1   subject you to a future prosecution for perjury or for making a
 2   false statement; is that clear?
 3              THE DEFENDANT:  Yes, sir.
 4              THE COURT:  All right.  Ms. English.
 5              THE COURTROOM DEPUTY:  Please raise your right hand.
 6   Do you solemnly swear that the answers you give to the Court's
 7   questions, will be the truth, the whole truth, and nothing but
 8   the truth, so help you God?
 9              THE DEFENDANT:  Yes.
10              THE COURTROOM DEPUTY:  Thank you.
11              THE COURT:  Would you please state your true,
12   correct, and full name, please.
13              THE WITNESS:  David DeMulle.
14              THE COURT:  How old are you, sir?
15              THE DEFENDANT:  Pardon me?
16              THE COURT:  How old are you?
17              THE WITNESS:  74.
18              THE COURT:  How many years of school have you
19   completed?
20              THE DEFENDANT:  Post-graduate, sir.
21              THE COURT:  Okay.  Have you been treated recently
22   for any mental illness or addiction to narcotics of any kind?
23              THE DEFENDANT:  No, sir.
24              THE COURT:  Are you presently under the influence of
25   any drug, medication, or alcoholic beverage of any kind?
```

1          THE DEFENDANT:  No, sir.

2          THE COURT:  Have you had any drugs, medication, or

3    alcohol within the last three days?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  Have you been prescribed any medication

6    which you have not taken?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Explain.

9          THE DEFENDANT:  I have been having a major bout of

10   kidney stones, and they have given me hydrocortisone, Percocet,

11   things like that, but I only take that when we're having

12   problems.

13         THE COURT:  All right.  So the fact that you have

14   not taken those medications, will that have any effect on your

15   ability to communicate with me and to recall and to understand?

16         THE DEFENDANT:  No, sir.

17         THE COURT:  Okay.  Thank you.

18       Do you suffer from any mental condition or disability that

19   would prevent you from understanding the charge against you or

20   the consequences of your guilty plea?

21         THE DEFENDANT:  No, sir.

22         THE COURT:  Is there any reason that you are aware

23   of why we should not go forward today and take your plea?

24         THE DEFENDANT:  No, sir.

25         THE COURT:  Mr. Braun, have you had an opportunity

1  to speak with your client about these proceedings?

2          MR. BRAUN:  I have, Your Honor.

3          THE COURT:  Do you have any reason to believe that

4  your client should not go forward with this plea today?

5          MR. BRAUN:  No, Your Honor.

6          THE COURT:  Do you believe he's in full possession

7  of his faculties and is competent to proceed?

8          MR. BRAUN:  I do.

9          THE COURT:  All right.  Based upon the statements of

10  the defendant and defense counsel, as well as my own

11  observations, I find that the defendant is in full possession

12  of his faculties and is competent to proceed.

13      Mr. DeMulle, have you received a copy of the indictment,

14  the written statement of charges against you?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  You have the right to have the

17  indictment read to you.

18      You can either give up that right or you can ask that it

19  be read to you now.

20          THE DEFENDANT:  I give up that right.

21          THE COURT:  Thank you, sir.

22      You also have the following constitutional rights.

23      Now, these -- this may seem somewhat repetitious to you

24  because these same rights are set forth in the written

25  advisement, page 6, paragraph 9.

1        But I'm going to go through them once again:

2        You have the right to plead not guilty to any offense

3   charged against you and to persist in that plea.

4        You have the right to a speedy and public trial.

5        You have the right to a trial by jury.

6        At trial, you would be presumed to be innocent and the

7   government would have to prove your guilt beyond a reasonable

8   doubt.

9        If both you and the government give up your right to a

10  jury trial, you have the right to be tried by the Court.

11        You have the right to the assistance of counsel for your

12  defense throughout the proceedings, even if you do not enter

13  into some sort of a plea agreement.

14        If you cannot afford counsel, the Court will appoint

15  counsel to represent you free of charge at trial and at every

16  other stage of the proceedings.

17        You have the right to confront and cross-examine the

18  witnesses against you; that is to see and hear all of the

19  witnesses testify and to have them questioned by your lawyer.

20        You have the right to have witnesses subpoenaed and

21  compelled to come into court to testify on your behalf.

22        You have the right to testify yourself on your own behalf.

23        You also have the privilege against self-incrimination;

24  that is, you have the right not to testify or incriminate

25  yourself in any way.

1          If this matter proceeded to trial and you elected not to

2     testify, that fact could not be used against you.

3          But, by pleading guilty, you are giving up that right and

4     you are incriminating yourself.

5          Lastly, you have the right to appeal your conviction and

6     your sentence if you went to trial and you were convicted.

7          Now, do you recall reading these rights and the written

8     advisal of your rights?

9               THE DEFENDANT:  Yes, sir.

10               THE COURT:  Have you had an opportunity to speak

11     with your attorney about your rights?

12               THE DEFENDANT:  Yes, sir.

13               THE COURT:  Would you like to have any more time to

14     talk to your attorney about your rights?

15               THE DEFENDANT:  No, sir.

16               THE COURT:  Okay.  You should understand that if

17     your guilty plea is accepted, you will be incriminating

18     yourself, and you have waived or given up your right to a trial

19     and all of the other rights that I have just explained.

20          Do you understand that?

21               THE DEFENDANT:  Yes, sir.

22               THE COURT:  Do you give up those rights?

23               THE DEFENDANT:  Yes, sir.

24               THE COURT:  Mr. Braun, are you satisfied that each

25     of these waivers is knowingly, intelligently, and voluntarily

1    made?

2             MR. BRAUN:  I am.

3             THE COURT:  Do you join and concur in the waivers?

4             MR. BRAUN:  I do.

5             THE COURT:  All right.  Sir, you are advised -- or

6    correction -- you are charged with a violation of Title 18,

7    United States Code, Section 922(g)(1).  That is being a felon

8    in possession of firearms and ammunition.  This is a felony

9    offense.

10        At this time, I'm going to ask the prosecutor, Mr. Lesser,

11   to state the elements of the offense.

12            MR. LESSER:  Thank you, Your Honor.

13       Defendant should understand that for him to be guilty of

14   the crime charged in the single-count indictment, that is,

15   being a person who has been convicted of a crime punishable by

16   imprisonment for a term exceeding one year in possession of

17   firearms, that had moved in interstate commerce, in violation

18   of Title 18, United States Code, Section 922(g)(1), the

19   following must be true:

20       One, the defendant knowingly possessed a firearm.

21       Two, the firearm had been shipped or transported from one

22   state to another, or from a foreign nation the United States.

23       And three, at the time the defendant possessed the

24   firearm, defendant had been convicted of a crime punishable by

25   imprisonment for a term exceeding one year.

1              Thank you, Your Honor.

2              THE COURT:  Do you have any questions about anything

3    the prosecutor just said?

4              MR. BRAUN:  One moment, Your Honor.

5              THE COURT:  Uh-huh.

6              THE DEFENDANT:  I understand, sir.

7              THE COURT:  Have you been advised of the various

8    penalties you face?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Once again, I'm going to ask the

11   prosecutor to itemize the various penalties that you are

12   exposed to.

13             Are you a United States citizen, sir?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  All right.  We can probably dispense

16   with the recitation of the immigration consequences, but let's

17   go through the maximum term of imprisonment, which could be

18   imposed, the maximum fine, which could be levied, the special

19   assessment, which must be levied, and the concept of supervised

20   release.

21             Also, we will discuss the various collateral consequences

22   which will flow from suffering the felony conviction.

23             MR. LESSER:  Yes, Your Honor.  Defendant should

24   understand the statutory maximum sentence the Court can impose

25   for a violation of Title 18, United States Code,

Section 922(g)(1), is ten years imprisonment, a three-year period of supervised release, a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest, and a mandatory special assessment of $100.

Defendant shall also understand that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  He should understand if he violates one or more of the conditions of any supervised release term imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute, for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum I just stated.

Defendant should understand by pleading guilty he may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

Defendant should understand that once the Court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.

Defendant should understand that the conviction in this case may also subject him to various other collateral consequences, including, but not limited, to revocation of

1   probation, parole, or supervised release in another case and

2   suspension or revocation of a professional license.

3        Defendant should understand that unanticipated collateral

4   consequences will not serve as grounds to withdraw defendant's

5   guilty plea.

6        Thank you, Your Honor.

7            THE COURT:  All right.  Do you have any questions

8   about anything the prosecutor just said?

9            THE DEFENDANT:  No, sir.

10           THE COURT:  You should also be advised that parole

11  has been abolished in the federal system, and if you are

12  sentenced to prison, you will not be released on parole.

13       In addition, I note that there is a forfeiture allegation

14  in the indictment, and at the time of sentencing, you will be

15  required to forfeit certain property to the government.

16       However, I'm concerned that the government doesn't dispose

17  of that property until the appeal is concluded.

18           MR. LESSER:  Yes, Your Honor.

19       In fact, we sort of need to figure out what to do with my

20  office, and perhaps in conjunction with Mr. Braun with regard

21  to the forfeiture allegation, because this is not a plea

22  agreement, we would normally put in the plea agreement that the

23  weapons are to be forfeited.

24       We will determine whether it's necessary to actually have

25  a forfeiture trial or whether that is something we can maybe

1    come to some agreement on.  But we will try to do that at the

2    time of sentencing, Your Honor.

3              THE COURT:  Thank you.

4              MR. LESSER:  Yes.  They can be preserved, if that is

5    the Court's concern.

6              THE COURT:  That is my concern.

7         All right.  Sir, you will be sentenced under the

8    Sentencing Reform Act of 1984.

9         United States Sentencing Commission has issued guidelines

10   which judges must consult and take into account but are not

11   required to follow, in determining the sentence in a criminal

12   case.

13        Have you and your attorney discussed all of the various

14   guidelines that might be applied to your case?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Did you have occasion to refer to the

17   sentencing table?

18             THE DEFENDANT:  I didn't, but he referred to it.

19             THE COURT:  Did he explain it to you?

20             THE DEFENDANT:  May I speak to him?  Just a moment.

21        Yes, sir.  He refreshed my memory on that, yes.

22             THE COURT:  Does this refresh your recollection as

23   well?  I'm holding up a sentencing table.

24        Let me just briefly go through this.  I don't have an

25   awful lot of information here, so I can't talk about specifics.

1        Generally, the sentencing table, which we ultimately will

2   have to refer to in determining the guidelines sentence in any

3   case, consists of three major components.

4        Down the left-hand margin vertically or the Y axis are

5   numbers between 1 and 43.  Those represent the 43 potential

6   levels that every criminal offense will fall into.

7        Secondly, across the top of the table, horizontally are

8   numbers between 1 and 6.

9        They sit atop six columns in the body of the table.  They

10  represent criminal history categories.

11        And then, of course, there is a body of the table which

12  consists of predominantly of about 200 pairs of numbers which

13  represent sentencing ranges expressed in months.

14        Now, the way the table works is this:

15        Once a determination has been made of your final offense

16  level, and we make a determination of what criminal history

17  category you fall in, where the criminal history category

18  column intersects with the offense level row, will be a pair of

19  numbers.

20        That represents the guidelines sentencing range.

21        Once we have that, we put that away, and then we talk

22  about things that are personal or individual to you and to your

23  offense, so as to take into consideration everything that is

24  relevant to assist us in reaching a fair and reasonable

25  sentence.

1        Okay.  So it isn't just simply lock, step, numerically

2   follow some formula and everyone gets the exact same sentence

3   who has been convicted of the same crime; everyone is in a

4   different situation.

5        Everyone has different motivations.

6        Everyone falls under different circumstances and everyone

7   is treated individually within certain parameters so there is

8   no unreasonable disparity between those who have been convicted

9   of the same offense.

10        What you should understand is this:  Once, I have made a

11   determination as to the appropriate guidelines sentence and

12   have reached an agreement with the attorneys that that is the

13   correct computation, then we will discuss things that are

14   individual with respect to you.

15        Ultimately, I may sentence you to a term of imprisonment

16   higher than the guidelines range or lower than the guidelines

17   range.

18        But I should caution you, that any disappointment you may

19   feel over the sentence will not be a basis for you to withdraw

20   your guilty plea so long as I sentence you in conformity with

21   the law.

22        Do you understand that?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Okay.  Well, all right.

25        I think I'm going to take a look at this advisement.

1        Now, as I indicated at the outset, the report is

2   understanding -- in fact, it is set forth in the advisement,

3   that your intention of entering a guilty plea is conditional,

4   and that you reserve the right of appeal from the judgment to

5   seek review of the various adverse determinations that this

6   Court may -- in terms of the pretrial motions you have filed.

7        If you are successful in having this Court's rulings

8   reversed, then you will be permitted to withdraw your guilty

9   plea.

10       Is that your understanding?

11            THE DEFENDANT:  Yes, sir.

12            THE COURT:  Okay.  Do you happen to have a copy of

13  the written advisal before you, sir?

14       I just want you to take a look at page 9, and I asked

15  whether or not that is indeed your signature on page 9 next to

16  the date, December 5th of 2016.

17            THE DEFENDANT:  Yes, sir, that's mine.

18            THE COURT:  Did you -- as the first sentence says --

19  did you read this document in its entirety before you signed

20  it?

21            THE DEFENDANT:  Yes, I did, Your Honor.

22            THE COURT:  Okay.  And did you also have the

23  opportunity to have the terms of the document explained by your

24  attorney?

25            THE DEFENDANT:  Yes, sir.

1    THE COURT:  And are the terms that are set forth in
2  this written document the entire understanding that you have
3  with the government?
4    THE DEFENDANT:  Yes, sir.
5    THE COURT:  Has anyone made you any promises,
6  representations, or guarantees of any kind other than what is
7  contained in this document in an effort to get you to plead
8  guilty?
9    THE DEFENDANT:  No, sir.
10    THE COURT:  Okay.  Has anyone told you that the
11  Court will impose any specific sentence in the event your
12  guilty plea is accepted?
13    THE DEFENDANT:  No, sir.
14    THE COURT:  Has anyone attempted in any way to
15  threaten you, or your family, or anyone close to you in an
16  effort to get to you plead guilty in this case?
17    THE DEFENDANT:  No, sir.
18    THE COURT:  Are you pleading voluntarily and of your
19  own free will?
20    THE DEFENDANT:  Yes, sir.
21    THE COURT:  All right.  Normally, if you go to trial
22  and are convicted you have the right to appeal your conviction.
23    However, as a general rule by pleading guilty you may have
24  given up or limited your rights of appeal.
25    Now, if you believe that your guilty plea was somehow

1    unlawful or involuntary or if there was some other fundamental

2    defect in these proceedings that has not been waived by your

3    guilty plea, you may still have a right to appeal.

4        You will also have a right to appeal your sentence under

5    some circumstances, particularly, if you think your sentence is

6    contrary to the law.

7        And I will advise you more in this regard at the time of

8    sentencing.

9        But as it stands right now in terms of the advisement, you

10   simply have been advised you retained the right to appeal your

11   conviction on one ground only, and that is that what you are

12   doing here today is involuntary on your part.

13       So I will ask you again, are you pleading guilty

14   voluntarily and of your own free will?

15           THE DEFENDANT:  I am pleading voluntarily, sir, and

16   of my own free will.

17           THE COURT:  Okay.  Mr. Braun, have you had an

18   opportunity to discuss the terms of the -- we will call it the

19   advisement under which your client's guilty plea is being made?

20   Have you discussed this document with him?

21           MR. BRAUN:  I have, Your Honor.  And just to

22   clarify, he is reserving, as the Court has mentioned, his right

23   to seek appellate review of the pretrial rulings.

24       And because it's a conditional plea and no agreement on

25   sentencing, after sentencing, he would still have the right to

1    seek appellate review of any sentence on abuse of discretion or

2    whatever appropriate standard there is for that.

3        That is the way I explained it to him, and I believe his

4    plea under those terms and with that understanding is knowingly

5    and voluntary.

6            THE COURT:  Okay.  Does the written agreement

7    represent the entire understanding between your client and the

8    government?

9            MR. BRAUN:  Yes, Your Honor.

10           THE COURT:  Did you review all of the facts of this

11   case and all of the discovery provided by the government?

12           MR. BRAUN:  I did, Your Honor.

13           THE COURT:  Did you review those facts and discovery

14   with your client?

15           MR. BRAUN:  I did, Your Honor.

16           THE COURT:  Have you pursued with your client the

17   potential defenses he might have, and I guess I can answer that

18   question, by the number of motions you have filed.

19           MR. BRAUN:  Yes, I have thoroughly discussed the

20   legal issues and defenses with my client during the course of

21   the representation and in connection with the decision of

22   whether to enter a conditional guilty plea.

23           THE COURT:  Okay.  Have you advised your client

24   concerning the legality or admissibility of any statements or

25   confessions or other evidence that the government has against

1  him?

2          MR. BRAUN:  Yes, Your Honor.

3          THE COURT:  Did you and your client agree that it

4  was in his best interest to enter this plea?

5          MR. BRAUN:  Yes, Your Honor.

6          THE COURT:  Do you believe that your client is

7  entering into this plea freely and voluntarily with full

8  knowledge of the charge against him and the consequences of his

9  plea?

10          MR. BRAUN:  I do.

11          THE COURT:  To the best of your knowledge, is your

12  client pleading guilty because of any illegally-obtained

13  evidence in the possession of the government?

14          MR. BRAUN:  No, Your Honor.

15          THE COURT:  Other than perhaps a general discussion

16  of the guidelines sentencing range, have you given any

17  indication of what specific sentence the Court would impose or

18  convey to your client, any promise of a particular sentence in

19  the event his guilty plea is accepted?

20          MR. BRAUN:  No, Your Honor.

21          THE COURT:  Do you know of any reason why the Court

22  should not accept your client's plea?

23          MR. BRAUN:  No.

24          THE COURT:  Do you join in the waiver of jury trial

25  and concur in the plea?

```
1              MR. BRAUN:  I do.

2              THE COURT:  Mr. Lesser, other than what is expressly

3    expressed in open Court, what is expressly stated in the

4    advisal, has the government made any promises, representations,

5    or guarantees either to the defendant or defense counsel?

6              MR. LESSER:  No, Your Honor.

7              THE COURT:  Does the government waive jury trial?

8              MR. LESSER:  Yes.

9              THE COURT:  Thank you.

10        Mr. DeMulle, are you satisfied with the representations

11   Mr. Braun has provided?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Did you listen to his answers to the

14   Court's questions just now?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Do you disagree with anything he has

17   said?

18             THE DEFENDANT:  No, sir.

19             THE COURT:  Have you told your attorney everything

20   you know about your case, especially about any statements or

21   confessions or other evidence you know about that the

22   government has against you?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Do you believe he has fully considered

25   every reasonable defense you may have to the charge?
```

**UNITED STATES DISTRICT COURT**

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you believe he has fully advised you

3    concerning this matter?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you believe you have had enough time

6    to discuss this matter with your attorney?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Did your attorney or everyone else tell

9    you how to respond to the Court's questions this morning?

10          THE DEFENDANT:  No, sir.

11          THE COURT:  Do you believe you have understood

12    everything that has happened here this morning, including

13    everything that has been said by the Court and by the

14    attorneys?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Do you believe you understand the

17    consequences to you of this decision to plead guilty?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Do you know of any reason why the Court

20    should not accept your plea of guilty?

21          THE DEFENDANT:  No, sir.

22          THE COURT:  Do you understand, then, that all that

23    is left in your case, if I accept your plea, will be imposition

24    of sentence which may include imprisonment.

25          Do you understand that?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  Having in mind all that we have

3    discussed regarding your guilty plea, the rights you will be

4    giving up, the maximum sentence you could receive, is it still

5    your desire to plead guilty?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  Sir, I want you to listen carefully.

8    I'm going to ask the prosecutor to state the facts that the

9    government would be prepared to prove in the event this matter

10   proceeded to trial, and then I'm going to ask you questions

11   about what he is about to say.

12      Mr. Lesser?

13          MR. LESSER:  Your Honor, just as note before we get

14   to that, if both defense counsel and the Court could refer to

15   page 4 of the advisals, line 23, this is in the preamble, not

16   the factual basis itself, but there is some language I think

17   that we can all agree should be interlineated which is -- it

18   starts with, well, the sentence starts with, "Defendant and

19   U.S.A.O. agree the statement of facts below -- agree that the

20   statement of facts are sufficient to support a plea of guilty

21   to the charge described in this agreement," then it goes on to

22   say, "and to establish the sentencing guidelines factors set

23   forth in paragraph 12 below."

24      That is not applicable here because we did not set forth

25   or agree to any sentencing guideline factors and paragraph 12

1   has nothing to do with that.  It's just the immigration.

2       I think we should interlineate on line 23 on page 4,

3   beginning with the word "and" interlineate to the next line

4   through the word "below," that should be excised from the

5   agreement.

6       If I can -- if defense concurs with that.

7           MR. BRAUN:  We do, Your Honor.

8           THE COURT:  Excellent.  It shall be done.

9           MR. LESSER:  All right.  Thank you, Your Honor.

10      As far as the factual basis, the parties agree to this in

11  the advisals, which is that on -- the government would expect

12  to be able to prove before the matter proceeded to trial on

13  March 25th, 2010, in Los Angeles County within the Central

14  District of California, defendant knowingly possessed at least

15  one firearm, and some ammunition, both of which had traveled in

16  interstate commerce.

17      At the time defendant possessed the firearms and

18  ammunition, defendant had been convicted of the following

19  offenses, each punishable by a term of imprisonment exceeding

20  one year.

21      One, obtaining aid by misrepresentation in violation of

22  California Welfare and Institutions Code Section 10980(c)(2) in

23  the Superior Court of the state of California, County of Los

24  Angeles, Case No. BA 006273, on or about October 11th, 1990.

25      Two, perjury in violation of California Penal Code

1    Section 118, in the Superior Court of the state of California,

2    County of Los Angeles, Case No. BA 006273 on or about

3    October 11th, 1990.

4         In 1996, following the successful completion of his

5    probation, pursuant to the operation of California Penal Code

6    Section 1203.4, defendant was allowed to withdraw his guilty

7    pleas to the charges listed above, and the information charging

8    the crimes listed above was ordered dismissed.

9         The defendant's right to possess firearms and ammunition

10   was not thereby restored.

11        Accordingly, when defendant knowingly possessed the

12   firearms and ammunition recovered during the searchs on

13   March 25th, 2010, defendant was prohibited from possessing

14   those firearms or ammunition.

15        Thank you, Your Honor.

16             THE COURT:  All right.  Did you understand

17   everything the prosecutor just said?

18             THE DEFENDANT:  Well, yes, sir.

19             THE COURT:  Is everything he said about you and your

20   conduct true and correct?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Are you pleading guilty because you did

23   the things charged in the indictment?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Are you pleading guilty because you are

1  guilty?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Does either counsel wish the Court to

4  make any further inquiry in terms of compliance with

5  Rule 11(b)?

6          MR. LESSER:  No, Your Honor.

7          THE COURT:  Mr. Braun?

8          MR. BRAUN:  No, Your Honor.

9          THE COURT:  Thank you, gentlemen.

10      In the matter of the *United States of America versus David

11  DeMulle, Case No. CR-15-00141*, how do you plead to Count 1 of

12  the indictment charging a violation of Title 18, United States

13  Code, Section 922(g)(1), being a felon in possession of

14  firearms and ammunition.

15          THE DEFENDANT:  Not guilty -- I'm sorry, guilty,

16  sorry.

17          THE COURT:  All right.  Sir, I'm going to make

18  certain findings.  If you don't understand what I say or if you

19  disagree with what I say, please interrupt me right away, or

20  have your counsel interrupt me.

21      In the matter of the *United States versus David DeMulle,*

22  the Court having questioned the defendant and his attorney on

23  the offer of his plea of guilty to Count 1 of the indictment, a

24  felony, the defendant and his counsel having advised the Court

25  that they have conferred concerning the offer of plea of guilty

```
 1   and in all aspects of the charge against him as well as any
 2   defenses he may have, and the Court having observed the
 3   defendant's intelligence, demeanor, and attitude while
 4   answering questions, and the Court having observed that the
 5   defendant does not appear to be under the influence of any
 6   medicine, drug, or other substance that may affect his judgment
 7   in any manner, the Court finds that the defendant is fully
 8   competent and capable of entering an informed plea; that he is
 9   aware of the nature of the charges and the consequences of his
10   plea.
11        The Court further finds that the plea of guilty is
12   knowingly, voluntarily, and intelligently made with a full
13   understanding of his constitutional rights.
14        The Court further finds that the plea is supported by an
15   independent factual basis containing each of the essential
16   elements of the offense.
17        The Court, therefore, accepts the plea, and orders that
18   the plea be entered.
19        A written presentence report will be prepared by the
20   probation office to assist the Court in sentencing.
21        You will be asked to provide information for that report,
22   and your attorney may be present, if you wish.
23        You and your attorney will be able to read that report and
24   file objections if you have any before the sentencing hearing.
25        You and your attorney will be able to speak on your behalf
```

```
1   at that hearing, and I urge you to consult with him throughout
2   this process so he may answer any questions you may have.
3       I want to emphasize the fact that it is actually you that
4   I will be most interested in hearing from during the course of
5   that hearing.
6       I have heard prosecutors; I have heard defense attorneys,
7   and pretty much put what they have got to say in broad
8   categories.  I know what to expect from them.
9       I am really interested in hearing from you, all right?
10              THE DEFENDANT:  Yes, sir.
11              THE COURT:  All right.  Sentencing in this matter
12  will take place on March 13, 2017, 11:00 a.m. in this
13  courtroom.
14      Any objection to the defendant remaining free on bond on
15  its terms of conditions?
16              MR. LESSER:  Present bond is fine.  No objection.
17              THE COURT:  You are ordered to return to this
18  courtroom on March 13 of 2017, at 11:00 a.m., without any
19  further notice, order, or subpoena.
20              MR. BRAUN:  Your Honor.  Just a scheduling request,
21  I have a conflict on the 13th.  Would the Court be available on
22  the 20th, the next week?
23              THE COURTROOM DEPUTY:  Yes, at 10:00.
24              MR. LESSER:  It's fine with the government.
25              THE COURT:  All right.  Then one week later,
```

1    March 20, at 10:00 a.m. at this courtroom.

2        All right.  The presently scheduled status conference set

3    for January 17 of 2017, is vacated as is the jury trial date of

4    January 24th of 2017.

5        Those dates are vacated, and all material witnesses are

6    released.

7        Counsel are ordered to file their sentencing position

8    papers two weeks in advance of the sentencing.

9        Anything further from the government?

10            MR. LESSER:  No, Your Honor.

11            THE COURT:  Mr. Braun, anything further?

12            MR. BRAUN:  No, Your Honor.

13            THE COURT:  All right.  We're concluded.

14            THE COURTROOM DEPUTY:  This Court is adjourned.

15          (The proceedings were concluded at 10:32 a.m.)

16                        *  *  *

17

18

19

20

21

22

23

24

25

1          **CERTIFICATE OF OFFICIAL REPORTER**

2

3    COUNTY OF LOS ANGELES    )
                              )
4    STATE OF CALIFORNIA      )

5

6              I, TERRI A. HOURIGAN, Federal Official Realtime

7    Court Reporter, in and for the United States District Court for

8    the Central District of California, do hereby certify that

9    pursuant to Section 753, Title 28, United States Code that the

10   foregoing is a true and correct transcript of the

11   stenographically reported proceedings held in the

12   above-entitled matter and that the transcript page format is in

13   conformance with the regulations of the judicial conference of

14   the United States.

15

16   Date:  July 24, 2017

17

18

19                        /s/ TERRI A. HOURIGAN
                    _____
20                  TERRI A. HOURIGAN, CSR NO. 3838, CCRR
                       Federal Official Court Reporter
21

22

23

24

25